**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

TARA ORECHOVESKY,

          Plaintiff,

    v.

BNY ADMINISTRATIVE SERVICES, LLC,

          Defendant.

Case Action No. 1:25-cv-08517-MMG

**PROTECTIVE ORDER**

      The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby:

      **ORDERED** that any person subject to this Order—including without limitation the parties to this action, their representatives, agents, experts, consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order—shall adhere to the following terms, upon pain of contempt:

1. Any person subject to this Order who receives from any other person any "Discovery Material" (*i.e.*, information of any kind provided in discovery in this action) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing any given Discovery Material may designate as Confidential only such portion of such material as consists of:

   a. previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

   b. previously nondisclosed material relating to ownership or control of any non-public company;

   c. previously nondisclosed business plans, product development information, or marketing plans;

   d. any information of a personal or intimate nature regarding any individual, including but not limited to, personnel information maintained by Defendant for non-party employees and former employees of Defendant; or

   e. any other category of information hereinafter given confidential status by the Court.

3. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility, and by also producing for future public use another copy of said Discovery Material with the confidential information redacted. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that a question calls for Confidential information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

4. If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that that person previously produced without limitation should be designated as Confidential, he or she may so designate by so apprising all parties in writing, and such designated portion(s) of the Discovery Material will thereafter be treated as Confidential under the terms of this Order.

5. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person, except to:

   a. the parties to this action;

   b. counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

   c. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

   d. individual parties, and any director, officer or employee of any party to this matter, to the extent deemed necessary by counsel for the prosecution, defense or settlement of this matter;

   e. any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

   f. any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

   g. stenographers, court reporters and videographers only to the extent necessary to prepare records of sworn testimony in this action; and

   h. the Court and its support personnel.

2

6.  All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions, or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

7.  Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will address their dispute to this Court in accordance with this Court's Individual Rules & Practices in Civil Cases.

8.  All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential. The Court also retains unfettered discretion whether to afford confidential treatment to any Confidential document or information contained in any Confidential document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

9.  Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

10. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney-work-product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work-product protection with respect to the Inadvertently Disclosed Information and its subject matter.

11. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall not thereafter review the Inadvertently Disclosed Information for any purpose, except by order of the Court. The receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

12. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

13. As with any information redacted or withheld, the receiving party may seek an order from the Court compelling production of the Inadvertently Disclosed Information. The receiving

party shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

14. The disclosing party retains the burden of establishing the privileged or protected nature of any information. Nothing in this Order shall limit the right of any party to request an *in camera* review of the Inadvertently Disclosed Information.

15. A receiving party shall not load, import, submit, or otherwise transfer Discovery Material to any Large Language Model ("LLM") or Artificial Intelligence ("AI") platform without agreement of the Parties. Should a receiving party want to load, import, submit, or otherwise transfer Discovery Material to any LLM or AI platform, such LLM or AI platform must meet the following security requirements:

    a. Does not use, retain, or incorporate produced data to train, fine-tune, or otherwise improve any AI model or system;

    b. Operates within a closed, private, limited, secure universe including enterprise versions of web-based systems;

    c. Maintains appropriate data isolation at the organization, user, and workflow levels to prevent access to or commingling of data across users, matters, or organizations;

    d. The technology provider for the platform must agree to maintain confidentiality, undergo regular third-party penetration testing and security audits, and the system must regularly purge data uploaded to the system based upon a known schedule or at the time of final disposition;

    e. Employs industry-standard encryption and security protocols (such as AES-256 encryption at rest and TLS 1.2 or higher in transit), data confidentiality protections, and system reliability standards;

    f. Maintains security certifications or controls consistent with industry standards for legal technology (such as SOC2 compliance and maintaining ISO / IEC 27001, 27017, 27018, 27701 certifications); and

    g. Tracks all information in the system, including access.

16. The Parties agree that Relativity's aiR Platform and WestLaw's CoCounsel are acceptable industry standard tools that may be used by all Parties as long as data produced by the producing party is not used to train AI systems or platforms and thereby do not require disclosure if there is intended use by the receiving party.

17. The Parties agree that Gemini for Google Workspace (Enterprise or Business editions), as integrated within Plaintiff's counsel's email and firm communication environment, is an acceptable industry-standard tool that may be used by all Parties as long as data produced by the producing party is not used to train AI systems or platforms and thereby do not require disclosure if there is intended use by the receiving party.

4

18. To the extent a receiving party intends to use any other LLM or AI platform, the receiving party shall disclose the specific LLM or AI platform(s) it intends to use and verify its compliance with subsections 15(a) through (d) above. The producing party reserves the right to request additional information to confirm compliance with subsections 15(a)–(d). If the producing party has concerns regarding compliance with this provision, it may seek appropriate relief from the Court.

    a. The platform and its use must otherwise comply with this Protective Order. Any LLM or AI models, AI inputs, and AI outputs developed using Confidential Material will be deemed Confidential Material and will not be used for any purpose other than prosecuting or defending this matter.

19. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

20. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**IT IS SO STIPULATED.**

**RISSMILLER PLLC**                                   **MORGAN, LEWIS & BOCKIUS LLP**

By:/s/ *Jazly Liriano*                                    By: /s/ *W. John Lee*
    Jazly Liriano                                            W. John Lee
    *Attorney for Plaintiff*                              *Attorney for Defendant*

    Date:  June 11, 2026                                 Date:  June 11, 2026

**SO ORDERED.**

**Date:** June 15, 2026
    **New York, New York**                       **MARGARET M. GARNETT**
                                **United States District Judge**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

TARA ORECHOVESKY,

                Plaintiff,

      v.

BNY ADMINISTRATIVE SERVICES, LLC,

             Defendant.

Case Action No. 1:23-cv-08517-MMG

**NON-DISCLOSURE AGREEMENT**

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such confidential Discovery Material to anyone other than for purposes of this litigation, and that at the conclusion of the litigation, I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder, and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____        _____