USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 07/02/2026

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

TARA ORECHOVESKY,

      Plaintiff,

v.

BNY ADMINISTRATIVE SERVICES, LLC,

      Defendant.

Civil Action No. 1:25-cv-08517-MMG

**JOINT PROTOCOL REGARDING DISCOVERY OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION ("Protocol")**

The Parties, by and through counsel, stipulate to this Protocol governing the preservation, search, review, and production of documents, electronically stored information ("ESI"), and other discoverable information in this action. This Protocol is intended to promote a just, speedy, proportional, and cost-effective discovery process while preserving all objections, privileges, protections, and rights under the Federal Rules of Civil Procedure, Federal Rules of Evidence, the Local Rules, and any order of the Court.

I. **PURPOSE, SCOPE, AND GENERAL PRINCIPLES**

    a. **Purpose.** This Protocol governs the format and mechanics of discovery productions. It does not expand or limit the scope of discovery, waive any objection, privilege, protection, or immunity, or determine relevance, discoverability, proportionality, confidentiality, authenticity, or admissibility.

    b. **Scope.** Except as otherwise agreed or ordered, this Protocol applies to all ESI, hard-copy materials, structured data, short-message data, and other information produced in discovery by any Party or, where practicable, by a non-party responding to a subpoena issued in this action.

1

c. **Cooperation and meet-and-confer.** The Parties shall confer in good faith regarding custodians, data sources, search methodology, production format issues, privilege logging, privacy issues, and any technical issues affecting compliance. A Party that cannot comply with a material provision shall promptly explain the issue and meet and confer before seeking Court relief.

## II. PRESERVATION

a. **Reasonable and proportional preservation.** The Parties shall take reasonable and proportional steps to preserve discoverable information within their possession, custody, or control. This Protocol does not require perfection, forensic preservation, or preservation measures that are disproportionate to the needs of the case.

b. **Sources not required absent agreement or order.** The Parties agree that, absent a specific showing of good cause, the following sources need not be preserved, collected, reviewed, searched, or produced because they are not reasonably accessible, are unlikely to contain unique responsive information, or impose burden or cost disproportionate to likely benefit:

i. backup, disaster-recovery, or business-continuity systems maintained for restoration rather than user access;

ii. deleted, shadowed, residual, slack, fragmented, damaged, or unallocated data accessible only through forensic means;

iii. random access memory, temporary files, cache files, cookies, browsing history, temporary internet files, and other ephemeral data;

iv. data stored on photocopiers, scanners, fax machines, printers, or similar devices;

v. metadata fields automatically updated in ordinary use, such as last-opened dates;

2

vi.  automatically saved interim versions of documents or emails, provided final or saved versions are preserved where otherwise required;

vii.  server, system, application, network, access, audit, and call logs not kept in the ordinary course for the relevant business purpose;

viii.  legacy data or data from retired systems that is not intelligible or reasonably accessible using systems currently in use;

ix.  computer programs, operating systems, executable files, system files, NIST/NSRL files, batch files, programming notes, and file fragments;

x.  Protected Private Data located in a jurisdiction whose data-protection, localization, blocking, or transfer restrictions make collection or cross-border transfer disproportionate or legally restricted, subject to the meet-and-confer process below; and

xi.  other ESI requiring extraordinary affirmative measures not used in the ordinary course of business.

c.  **Protected Private Data preservation.** Protected Private Data need be preserved only for so long as this litigation is pending or reasonably anticipated, subject to applicable law, protective orders, litigation holds, and any lawful retention or deletion obligations. At the conclusion of the litigation, Protected Private Data shall be returned, destroyed, anonymized, or otherwise handled as required by the Protective Order, applicable law, or agreement of the Parties.

## III.  IDENTIFICATION, COLLECTION, SEARCH, AND REVIEW

a.  **Scope of documents discovery.** The Parties shall meet and confer regarding custodians, non-custodial sources, date ranges, and search methodology for data identification, collection and review. The identification of such is without prejudice to any objection concerning scope, relevance, proportionality, burden, privilege, privacy,

or accessibility. Nothing in this Protocol resolves, or constitutes any agreement concerning, the appropriate custodians, non-custodial sources, date ranges, or search terms for any Party's ESI, which remain the subject of the Parties' ongoing meet-and-confer. Notwithstanding, the Parties may raise discovery disputes to the Court in accordance with the Court's rules.

b. **Prior collections and productions.** No Party is required to recollect, reprocess, reproduce, or reformat documents or ESI collected or produced before entry of this Protocol, absent agreement or Court order.

c. **Deduplication.** A Producing Party may globally deduplicate exact duplicate ESI using commercially reasonable methods, including MD5, SHA-1, SHA-256, or equivalent hash values. Deduplication shall be performed at the family level when necessary to preserve family relationships. When global deduplication is used, the CUSTODIAN or ALLCUSTODIAN field should identify custodians from whom exact duplicates were removed, to the extent reasonably available.

d. **Email thread suppression.** A Producing Party may suppress lesser-included emails and produce the most complete inclusive email thread, provided any lesser-included email with a unique attachment or unique substantive content not included in the inclusive thread is produced or otherwise accounted for. A Receiving Party may request a lesser-included email by Bates number and explain the need; the Producing Party shall respond within fourteen (14) days or meet and confer.

e. **Hyperlinked or cloud-linked files.** A hyperlink or cloud link in an email, chat, or document does not by itself make the linked file an attachment. Where a Producing Party collects and processes linked files using reasonable methods, it may produce responsive linked files as Sidecar documents and populate BEGSIDECAR and ENDSIDECAR fields in Appendix 1 where reasonably available. If a Receiving Party

4

reasonably believes that a linked file is responsive and has not been produced, it shall identify the Bates number of the linking document and the link or context at issue. The Producing Party shall produce the linked file if responsive, nonprivileged, within its possession, custody, or control, reasonably accessible, and not unduly burdensome, or provide the Bates number if already produced. Nothing in this Paragraph waives a Receiving Party's right to request that responsive hyperlinked or cloud-stored documents be produced as members of the family of the communication or document in which they were linked, and the Parties reserve their respective positions on the treatment of such linked files.

## IV.    PRODUCTION FORMAT

a.  Parties will produce ESI in a reasonably usable form or as ordinarily maintained, with any format issues to be addressed by meet and confer.

b.  **Image content.** Images shall reflect, to the extent reasonably practicable and subject to redaction, the information visible using the software that created or ordinarily displays the document. Email images should include header information, including BCC if present. Presentations should include speaker notes and hidden slides where relevant and reasonably practicable.

c.  **Text files.** Except as provided in Paragraph IV(a), each document shall have a single, document-level text file named for the beginning Bates number. Extracted text shall be provided where reasonably available. OCR text may be provided for image-only or redacted documents. Text redacted for privilege or privacy need not be produced.

d.  **Bates numbering.** Each image page shall bear a legible, unique Bates number with an alpha prefix and fixed-length number, placed where it does not obscure information. Bates numbers shall be sequential within a production to the extent reasonably practicable. Skipped Bates ranges should be identified in production correspondence or a production log.

e.  **Confidentiality designations.** Confidentiality legends required by the Protective Order shall be endorsed on each image page where practicable. For native files, the confidentiality designation shall be included in the metadata, filename, slip sheet, or production correspondence.

f.  **Metadata.** A Producing Party shall provide the metadata fields in Appendix 1 to the extent such fields are reasonably available, captured at collection or processing, and not privileged, protected, redacted, or unduly burdensome to provide. This Protocol does not require any Party to create metadata that does not exist or to restore metadata not reasonably accessible.

g.  **Native productions.** Unredacted spreadsheets, CSV files, databases or database exports, SAS files, audio files, video files, and other files not reasonably usable as images shall be produced in native format unless otherwise agreed or objected to. Except as provided in Paragraph IV(a), native files shall be named by Bates number or unique control number, linked in the NATIVELINK field, and accompanied by a Bates-stamped TIFF slip sheet stating that the file was produced natively. The slip sheet shall include any applicable confidentiality designation.

h.  **Redacted native files.** Documents requiring redaction may be produced as TIFF images with redactions. If a native file cannot reasonably be converted to a usable redacted image, the Producing Party may use a native redaction tool or meet and confer regarding an alternative format.

6

i. **Requests for additional native files.** A Receiving Party may request native versions of specific documents by Bates number and explain why the produced format is not reasonably usable. The Producing Party shall, within fourteen (14) days, produce the native files to the extent reasonable or explain its objection. Wholesale or categorical native requests need not be honored absent agreement or Court order.

j. **Production media and encryption.** Productions shall be transmitted by secure file transfer or encrypted media. Passwords or decryption keys shall be sent separately. Production volumes should identify the producing Party, volume number, Bates range, and confidentiality restrictions, if any.

k. **Replacement productions.** If a Producing Party discovers a material production error, it shall notify the Receiving Party and provide a corrected or replacement production as reasonably necessary. Replacement productions should identify replaced Bates numbers and should not alter Bates numbering except as reasonably necessary.

## V.    ATTACHMENTS, NON-RESPONSIVE MATERIAL, AND REDACTIONS

a. **Parent-child relationships.** Parent-child relationships shall be maintained and reflected in attachment metadata fields where reasonably available. Documents shall not be merged or split except as necessary for logical unitization or technical reasons.

b. **Non-responsive attachments.** A completely non-responsive attachment to an otherwise production-eligible parent may be withheld and replaced with a Bates-stamped slip sheet stating that the attachment has been withheld as non-responsive. The Producing Party shall produce reasonably available metadata for the withheld attachment, excluding text, unless privileged, protected, or unduly burdensome. When producing responsive attachments, the parent email or message shall be produced regardless of responsiveness unless privileged or otherwise protected.

c. **Redactions.** A Producing Party may redact information protected by privilege, work-product protection, court order, privacy law, Data Protection Law, personal identifiers, or other legally protected status. Redactions shall be clearly indicated on the face of the document where practicable and shall identify the general basis for redaction. Non-redacted metadata shall be produced to the extent reasonably available and not privileged or protected.

d. **Personal identifiers.** A Producing Party may redact personal identifiers and Protected Private Data that are not relevant and proportional, including patient, consumer, clinical-trial participant, adverse-event reporter, financial, health, biometric, or government-identification information, subject to the Receiving Party's right to meet and confer if it believes specific information is necessary. This Paragraph does not authorize redaction of the name, job title, compensation, performance, discipline, or other terms and conditions of employment of any current or former BNY employee whose treatment is relevant to the claims or defenses in this action, including any comparator, alleged harasser, decision-maker, or person who made or received a complaint.

## VI. PRIVILEGE AND PRIVILEGE LOGS

a. **Privilege review preserved.** Nothing in this Protocol or the Protective Order limits a Party's right to review documents, ESI, metadata, or other information for relevance, responsiveness, privilege, work-product protection, privacy, confidentiality, or other protected status before production.

b. **Log exemptions.** Absent a showing of good cause, the following need not be included on a privilege log: communications exclusively with outside counsel; internal law-firm communications; communications with in house counsel seeking or providing legal advice or relating to this litigation and not including any business or other non-legal

communications; attorney work product of counsel or litigation team members; litigation-hold, preservation, collection, search, review, or production communications; and communications or documents created after the filing of the complaint or after litigation was reasonably anticipated, as applicable.

c. **Metadata summary logs.** For documents withheld on the basis of privilege, work-product protection, or other protection and not exempted above, the Producing Party may provide a metadata summary log rather than a narrative document-by-document log. The log may list one entry per family and should include, to the extent reasonably available and not privileged or protected: beginning and ending Bates or control numbers; beginning and ending family range; attachment count; custodian; from/author; recipients; cc; bcc; subject or file name; sent, received, created, or last-modified date; file extension; hash value; privilege type; brief description of the basis for privileged; and privileged person if not otherwise reflected. This summary log is intended to satisfy Federal Rule of Civil Procedure 26(b)(5).

## VII.    THIRD PARTIES, AUTHENTICITY, COSTS, AND MISCELLANEOUS

a. **Third-party subpoenas.** A Party issuing a subpoena to a non-party shall include a copy of this Protocol or request production in a manner reasonably consistent with it. A Party receiving non-party productions shall produce such materials to the other Parties in the form received or in another reasonably usable form, subject to any objections, confidentiality obligations, privilege, and protective orders.

b. **On-site inspection.** On-site inspection of ESI, systems, devices, or databases under Federal Rule of Civil Procedure 34(b) shall not occur absent agreement or a Court order based on good cause and specific need. The Court may impose conditions, including use of a neutral expert, protocols to protect privacy and privilege, and cost allocation.

c. **Authenticity.** A document produced in this action shall be presumed authentic as against the Producing Party for purposes of this action unless the Producing Party gives written notice at or promptly after production that authenticity is disputed and states the basis, or later shows good cause for not giving earlier notice. All other evidentiary objections are preserved.

d. **Use of images and text.** When documents produced in image format are used in depositions, hearings, or trial, the image copy is the operative copy unless the Parties agree otherwise or the Court orders otherwise. Extracted text or OCR is provided for searchability and shall not be used as a substitute for the image or native file where accuracy is disputed.

e. **Costs and burden.** Each Party reserves all rights to object on proportionality, burden, cost, accessibility, privacy, privilege, and other grounds, and to seek cost shifting or sharing where appropriate.

f. **Rolling productions and supplementation.** The Parties may make rolling productions. Nothing in this Protocol waives supplementation obligations under the Federal Rules of Civil Procedure or any Court order.

g. **Protective Order.** Nothing in this Protocol limits, modifies, or overrides any Stipulated Protective Order, Confidentiality Order, or other Court order. If a conflict exists, the Court order controls unless the Parties agree otherwise and the Court approves where required.

Dated: June 26, 2026

**Rissmiller PLLC**

By: */s/ Alex Rissmiller*
Alex Rissmiller
5 Pennsylvania Plaza, 19th Floor
New York, NY 10001
Tel: (646) 664-1412
arissmiller@rissmiller.com

*Counsel for Plaintiff*

**MORGAN, LEWIS & BOCKIUS LLP**

By: */s/ W. John Lee*
W. John Lee (admitted *pro hac vice*)
2222 Market Street
Philadelphia, PA 19103
Tel: (215) 963-5210
w.john.lee@morganlewis.com

*Counsel for Defendant*

SO ORDERED.  Dated July 2, 2026.

HON. MARGARET M. GARNETT
UNITED STATES DISTRICT JUDGE

11

**APPENDIX 1: METADATA FIELDS TO BE PRODUCED**

The following fields shall be produced to the extent reasonably available, captured at collection or processing, not privileged or protected, and not unduly burdensome to provide. Date and time fields may be produced as combined date/time fields so long as the required information is provided. CUSTODIAN and ALLCUSTODIAN may be produced in one or multiple fields if the information is provided.

| Field Name | Description |
|---|---|
| BEGBATES | The Document ID Number associated with the first page of the document. |
| ENDBATES | The Document ID Number associated with the last page of the document. |
| BEGATTACH | The Document ID Number associated with the first page of the parent document. |
| ENDATTACH | The Document ID Number associated with the last page of the last attachment. |
| PARENTID | Start No. of Parent Bates (only in Child records) |
| ATTACHID | Start No. of each Child document (only in Parent records) |
| ATTACHCOUNT | The number of attachments to a document |
| BEGSIDECAR | Beginning range of linked document |
| ENDSIDECAR | Ending range of linked document |
| PAGES | The number of pages for a document. |
| VOLUME | The name of CD, DVD or Hard Drive (vendor assigns). |
| RECORDTYPE | The record type of a document. |
| DESIGNATION | Please populate this field for all documents that carry a confidentiality designation, separate and apart from the stamping of produced TIFFs. If the document is only provided in native, this field would be populated with the designation the native file should have if printed. |
| REDACTED | Please populate this field for all documents that have a redaction. |
| SENTDATE | The date the email was sent. |
| SENTTIME | The time the email was sent. |

| | |
|---|---|
| CREATEDDATE | The date the document was created.<br><br>*Parties acknowledge that the CREATEDATE field may not actually reflect the date the file was created, due to the ease of change to that field and the technical definition of the field (e.g., the created date and time reflects the date when the file was created in that particular location on the computer or on the other storage device location) |
| CREATETIME | The time the document was created.<br><br>*Parties acknowledge that the CREATETIME field may not actually reflect the time the file was created, due to the ease of change to that field and the technical definition of the field (e.g., the created date and time reflects the time when the file was created in that particular location on the computer or on the other storage device location). |
| LASTMODDATE | The date the document was last modified. |
| LASTMODTIME | The time the document was last modified. |
| RECEIVEDDATE | The date the document was received. |
| RECEIVEDTIME | The time the document was received. |
| FILEPATH | Location of the original document. The source should be the start of the relative path. |
| AUTHOR | The author of a document from extracted metadata.<br><br>*Parties acknowledge that the Author field may not actually reflect the author of the document. |
| LASTDAVEDBY | The name of the last person to edit the document from extracted metadata. |
| FROM | The display name or e-mail of the sender of an e-mail. |
| TO | The display name or e-mail of the recipient(s) of an e-mail. |
| CC | The display name or e-mail of the copyee(s) of an e-mail. |
| BCC | The display name or e-mail of the blind copyee(s) of an e-mail. |
| SUBJECT | The subject line of the e-mail. |

Appendix 1 - Metadata Fields

| CUSTODIAN | The custodian/source of a document. NOTE: If the documents are de-duped on a global level, this field should contain the name of each custodian from which the document originated. |
|---|---|
| FILEEXT | The file extension of a document. |
| FILENAME | The file name of a document. |
| FILESIZE | The file size of a document (including imbedded attachments). |
| MD5HASH OR SHA1 (or equivalent) | The MD5 Hash value or SHA1 or "de-duplication key" assigned to a document. |
| EMAIL CONVERSATION INDEX | ID used to tie together e-mail threads. |
| NATIVELINK | The relative path to a native copy of a document. |
| FULLTEXT | The path to the full extracted text or OCR of the document.  There should be a folder on the deliverable, containing a separate text file per document.  These text files should be named with their corresponding bates numbers.<br><br>If the attachment or e-file does not extract any text, then OCR for the document should be provided (only to the extent the Producing Party OCR's the document for their own benefit). |

Appendix 1 - Metadata Fields