RISSMILLER PLLC
EMPLOYMENT LAW FIRM

5 PENNSYLVANIA PLAZA, 19TH FLOOR
NEW YORK, NY 10001
TEL 646.664.1412
WWW.RISSMILLER.COM

**Jazly Liriano**
jliriano@rissmiller.com

November 17, 2026

**BY ECF**

The Honorable Margaret M. Garnett, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re: *Orechovesky v. BNY Administrative Services LLC*; No. 1:25-cv-08517-MMG

Dear Judge Garnett:

We represent Plaintiff Tara Orechovesky and write, as noted in our November 13 letter (ECF No. 39), to request leave to take the deposition of non-party Anand Satchit after the November 16 close of fact discovery, an order compelling his appearance, and leave to serve him by alternative means. Mr. Satchit was personally served with a deposition subpoena but did not appear for his rescheduled deposition on November 13, the last business day before the close of discovery. Plaintiff asks that the Court (1) reopen fact discovery for the limited purpose of Mr. Satchit's deposition, to be completed on or before December 10, 2026, the same deadline the Court set for Ms. Traver's deposition (ECF No. 40); (2) order Mr. Satchit to appear for that deposition, which is scheduled to proceed remotely on December 9, 2026, at 9:00 a.m.; and (3) permit Plaintiff to serve the new subpoena and any resulting order on Mr. Satchit by email and text message. No other date would change, including the December 17 post-fact-discovery conference. BNY does not oppose this request but does not consent to it.

## I. Mr. Satchit's Testimony

Mr. Satchit is a former BNY employee who worked alongside Plaintiff and her manager, Jacqueline Doyle, and was present for the events at issue in this case. He has knowledge of the access-control failures that form the basis of Plaintiff's whistleblower retaliation claim. His testimony is also relevant to Plaintiff's equal pay claim because he has knowledge of how work was allocated and assigned within the team. Finally, he can speak firsthand to the quality of Plaintiff's work, which BNY contends was the reason for her termination.

## II. Good Cause Exists to Permit the Deposition

A schedule may be modified for good cause, Fed. R. Civ. P. 16(b)(4), which turns primarily on the moving party's diligence. *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000) (good cause depends on the diligence of the moving party). The Court may also consider other factors, including prejudice to the non-moving party. *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007) (district court may consider prejudice to the opposing party). Courts in this District reopen discovery where the movant was diligent and the

only prejudice is modest delay. *Polidora v. D'Agostino & Assocs.*, No. 19-CV-1290 (AJN) (BCM), 2021 WL 11705833, at *1, *3 (S.D.N.Y. Sept. 16, 2021) (reopening discovery four months after the close where diligence was shown).

**Plaintiff was diligent.** Plaintiff noticed Mr. Satchit's deposition on September 16, 2026, the deadline the Court set in ECF No. 29. Plaintiff then took each step needed to secure his testimony.

On October 15, Plaintiff served BNY with notice of a subpoena commanding Mr. Satchit to appear for a remote deposition. Ex. A. On October 29, a process server personally delivered the subpoena to Mr. Satchit at his residence in Bayonne, New Jersey. Ex. B. On November 6, Plaintiff's counsel emailed Mr. Satchit, copying BNY's counsel, with the remote joining instructions and a November 11 date that accommodated the parties' deposition schedule. Ex. C. He did not respond. On November 10, Plaintiff's counsel spoke with Mr. Satchit by phone, and he replied to counsel's text that he was unavailable on November 11. Plaintiff rescheduled the deposition for November 13 at 2:30 p.m. and informed BNY's counsel on November 11. On November 12, Plaintiff's counsel emailed Mr. Satchit, copying BNY's counsel, and texted him the November 13 date and joining link. Ex. C. Counsel also called him and left a voicemail. He did not respond. On November 13, Mr. Satchit did not appear. After waiting 21 minutes, Plaintiff made a record of his non-appearance, Ex. D, and informed the Court the same afternoon. ECF No. 39 at 2.

**The non-appearance could not have been anticipated.** The Court directed that fact discovery would not be extended again "absent extraordinary circumstances that could not have been anticipated" as of September 14. ECF No. 29. A personally served non-party's failure to appear is that kind of circumstance. Plaintiff completed the Rule 30(b)(6), Doyle, and Masella depositions in the final week of fact discovery. Mr. Satchit's non-appearance fell on the last business day before the close, so Plaintiff could not make this request two business days in advance, as Rule I.B.5 of Your Honor's Individual Rules and Practices contemplates. Plaintiff advised the Court of the non-appearance the same day, November 13. ECF No. 39 at 2.

**BNY will not be prejudiced.** BNY's counsel was copied on every scheduling communication with Mr. Satchit, and the documents Plaintiff will use for the deposition are BNY's. The deposition is scheduled for December 9, a mutually agreed-upon date, before the December 10 deadline already set for Ms. Traver's deposition and well before the December 17 conference, and no other deadline would move.

**III. The Court Should Compel Mr. Satchit's Appearance and Permit Alternative Service**

Plaintiff will serve Mr. Satchit with a new subpoena commanding him to appear for a remote deposition on December 9, 2026, at 9:00 a.m. Ex. E. Because Mr. Satchit has already failed to appear once despite personal service, Plaintiff asks that the Court order him to appear for his deposition on that date. If he fails to comply with that order, Plaintiff will seek relief under Rule 45(g).

Plaintiff also asks that the Court permit service of the new subpoena and any resulting order by email and text message. Courts in this District permit alternative service of a subpoena where the method is reasonably calculated to provide timely, actual notice. *SEC v. Pence*, 322 F.R.D. 450, 454 (S.D.N.Y. 2017) (authorizing alternative service of a deposition subpoena on a non-party). That standard is met here. Mr. Satchit was personally served with the original subpoena on October 29, 2026, and he has since communicated with Plaintiff's counsel by phone and text at the number Plaintiff would use for service. Plaintiff's counsel has also emailed him at his personal email address. A second round of personal service would add cost and delay without giving Mr. Satchit any notice he does not already have. Plaintiff will serve a copy of this letter and any resulting order on Mr. Satchit by the same means.

**IV. Rule I.B.5 Statement**

The reason for this request is set out above. Fact discovery was originally set to close on September 4, 2026 (ECF No. 14). The Court extended it to November 16, 2026, on Plaintiff's first request (ECF Nos. 24, 29), and on November 16 granted Plaintiff's second request, permitting the deposition of Kristen Traver by December 10, 2026 (ECF Nos. 39, 40). This is Plaintiff's third request. BNY does not oppose this request but does not consent to it. Mr. Satchit's deposition is scheduled for December 9, 2026, at 9:00 a.m. No other date would change, including the December 17 post-fact-discovery conference.

We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ Jazly Liriano*
Jazly Liriano

SO ORDERED.

Dated: _____________, 2026
New York, New York

_______________________________
Hon. Margaret M. Garnett
United States District Judge

GRANTED. Non-party Anand Satchit is ORDERED to appear for a remote deposition on **December 9, 2026**, at **9:00 A.M.**, with the risk of a contempt finding if he again fails to appear. Plaintiff may serve the new subpoena at Dkt. No. 41-1 and this Order upon Mr. Satchit by email and text message as described above.

SO ORDERED. Dated November 20, 2026.

HON. MARGARET M. GARNETT
UNITED STATES DISTRICT JUDGE

cc: Counsel of record (via ECF); Anand Satchit (by email and text message)